IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 04-3417-JWL |
| | ) |
| OFFICER BRANDON GAINES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This case comes before the court on *pro se* plaintiff's motion to reconsider **(doc. 25)**. By way of this motion, the plaintiff asks the court to reconsider its earlier order (doc. 24) denying plaintiff's motion for appointment of counsel (doc. 23).

D. Kan. Rule 7.3, in pertinent part, provides:

> A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge.
> . . . .
> (b) . . . A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[1] A motion to reconsider gives the court the opportunity to correct manifest

---

[1] *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

errors of law or fact and to review newly discovered evidence.[2]   A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence.[3]

The court concludes that plaintiff has not presented any information warranting reconsideration of the court's earlier order.  The court concludes that it has not misapprehended any of the parties' positions, nor has it made a mistake of law.  In addition, plaintiff has not presented any new evidence that could not have been obtained earlier through the exercise of due diligence.  Plaintiff's motion to reconsider is therefore denied.

However, if it has not already done so, the Clerk's Office is directed to serve plaintiff with a copy of this district's packet for pro se parties.  This packet should answer many of plaintiff's questions regarding pro se representation.

In addition, the court notes that plaintiff asks the court to facilitate settlement in this case.  It appears that plaintiff has not provided defendant with his settlement demand; under the provisions of the court's scheduling order (doc. 22), plaintiff was to have provided this to defendant by July 15, 2005.  Plaintiff is directed to immediately provide a settlement proposal to defense counsel so that the parties may begin working toward resolution of this matter.

---

[2] *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

[3] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482 (D. Kan. 1994); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).

3

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's motion for reconsideration **(doc. 25)** is denied.

2. The clerk shall mail copies of this order to plaintiff and serve all counsel of record by regular service.

Dated this 28th day of July, 2005, at Kansas City, Kansas.

                                    s/ James P. O'Hara  
                                    James P. O'Hara  
                                    U.S. Magistrate Judge